UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PETER MCCARTHY and ) | COMPLAINT |
| STEPS TO SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

The United States of America alleges as follows:

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601, *et seq.* ("Fair Housing Act").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, 2201, and 2202, and 42 U.S.C. § 3614(a).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' allegations occurred in the District of Massachusetts, and the Defendants reside or do business in the District of Massachusetts.

## FACTUAL ALLEGATIONS

4. Defendant Peter McCarthy is a resident of Dorchester, Massachusetts.

5. In 1992, Defendant McCarthy was convicted of indecent assault and battery, a crime that required him to register as a sex offender.

6. Defendant McCarthy was on the Massachusetts sex offender registry from 2004 through December 2015.

7. In 2012, Defendant McCarthy formed Defendant Steps to Solutions, Inc. ("Steps to Solutions"), which has a business address of 51 Buttonwood Street, #2, Dorchester, MA. According to the Secretary of the Commonwealth of Massachusetts website, Defendant McCarthy is the registered agent and sole officer of Defendant Steps to Solutions, Inc.

8. At all times relevant to this action, Defendants McCarthy and Steps to Solutions operated multiple residential properties as "sober homes" for persons recovering from addiction in Massachusetts. Defendants' homes are not licensed, funded, or regulated by the state or any municipality. Defendants rent out rooms by the month or for shorter periods of time.

9. Defendants currently operate seven homes with a total of approximately 85 beds in Massachusetts communities, including Lynn and Boston.

10. The properties Defendants currently operate as sober homes are located at: 121 N. Common Street, Lynn, MA; 11 La Grange Terrace, Lynn, MA; 14 La Grange Terrace, Lynn, MA; 27 Lithgow Street, Boston, MA; 9 Kearsarge Avenue, Roxbury, MA; a facility on Chatham Street, Lynn, MA; and a facility on Lawton Avenue, Lynn, MA.

11. Defendants previously operated at least seven additional properties as sober homes. These properties are located at: 513 Washington Street, Dorchester, MA; 119 Clinton Street, Brockton, MA; 8 Boyd Street, Dorchester, MA; 28 Seaver Street, Apt. 13, Dorchester, MA; 103 Covel Street, Fall River, MA; 37 Bakersfield Street, Apt. 3, Boston, MA; and 102 Franklin Street, Lynn, MA.

12. Defendants McCarthy and Steps to Solutions do not own, and have not owned, any of the residential properties they operate as sober homes. They rent the properties from the owners and then sublet space to residents.

13. The properties operated as sober homes by Defendants McCarthy and Steps to Solutions are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

14. At all times relevant to this action, Defendant McCarthy controlled and/or had the power to control all aspects of the management of the sober homes when he engaged in the unlawful harassment and conduct alleged in this complaint. Defendant McCarthy is, or at times relevant to this action was, the supervising manager of the sober homes operated by Defendant Steps to Solutions.

15. Defendant McCarthy has managed the sober homes by advertising units for rent; showing units to prospective tenants; providing and signing rental leases or establishing verbal rental agreements; collecting rent from tenants or arranging for sober home managers to collect rent; receiving maintenance requests and assisting with some of the requests; and communicating with prospective and current tenants via phone, via the internet, and in person.

16. From at least 2012 until at least 2019, Defendant McCarthy subjected many female tenants of the sober homes to discrimination based on sex, including unwelcome severe, pervasive, and *quid pro quo* sexual harassment on multiple occasions. Such conduct occurred in multiple sober homes, including those located at 111 Clinton Street in Brockton, 28 Seaver Street in Dorchester, 27 Lithgow Street in Dorchester, and 11 La Grange Terrace and 14 La Grange Terrace in Lynn. Defendant McCarthy's unlawful conduct includes, but is not limited to:

   a. Offering to grant tangible benefits—such as reducing rent amounts, waiving securing deposits or giving house privileges—in exchange for engaging in sexual acts with him;

   b. Frequently making unwelcome sexual comments and sexual advances to female tenants, including, but not limited to, propositions for sexual acts and inquiries into their sex lives;

   c. Requesting nude photos from female tenants and indicating he would forgive rent if he received these nude photos;

   d. Subjecting female tenants to unwelcome sexual text messages;

   e. Making unwanted comments regarding female tenants' bodies;

   f. Suggesting that female tenants date him and/or engage in a sexual relationship with him; and

   g. Retaliating and taking adverse housing actions against tenants who reported his conduct.

17. For example, in 2016, Defendant McCarthy told a female resident that she would not have to provide a security deposit if she instead engaged in sexual acts with him. This female resident moved out the day after her arrival because of McCarthy's request.

18. In or around 2017, a female resident asked Defendant McCarthy for an overnight pass so that she could spend the night at her mother's house and visit with her daughter. In response to the request, McCarthy said words to the effect of, "Sure, if you make me breakfast on Sunday morning," which she understood to mean that she could get the overnight pass if she spent the night and engaged in sexual activity with McCarthy. He also suggested their children could play together while they "hooked up."

19. In or around 2019, Defendant McCarthy sent sexually explicit text messages to a female resident. McCarthy sent her texts that said "[your] body looks good to me," "don't hide that body," and "send me a shower pic[ture]." The female resident stated that she did text him a sexually explicit photograph because she was behind on rent and feared that McCarthy would kick her out of the sober home if she did not do so.

20. The experiences of these female tenants were not isolated instances. Rather, these instances were part of Defendant McCarthy's longstanding pattern or practice of illegal sexual harassment of numerous female tenants.

21. The above-described actions and conduct of Defendant McCarthy caused female tenants to suffer physical harm, fear, anxiety, and emotional distress, and inhibited their ability to remain in or secure housing.

## CAUSE OF ACTION

22. By the actions and statements described above, the Defendants have:

   a. Made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

   b. Discriminated in the terms, conditions, or privileges of the rental or sale of dwellings, or in the provision of services or facilities in connection therewith, because of sex, based on *quid pro quo* harassment, in violation of 42 U.S.C. § 3604(b);

   c. Made statements with respect to the sale or rental of dwellings that indicate a preference, a limitation, or discrimination based on sex, in violation 42 U.S.C. § 3604(c);

    d. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by Section 804 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

23. The Defendants' conduct constitutes:

    a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*; and

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, where such denial raises an issue of general public importance.

24. Female tenants and persons associated with them have been injured by the Defendants' discriminatory conduct. These persons are "aggrieved persons" as defined in 42 U.S.C. § 3602(i) and have suffered damages as a result of the Defendants' conduct.

25. The Defendants' conduct was intentional, willful, and taken in reckless disregard of the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court enter an Order that:

    a. Declares that the Defendants' discriminatory practices violate the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*;

    b. Enjoins the Defendants, their agents, employees, and successors, and all other persons in the active concert or participation with them from:

        i. Discriminating on the basis of sex, including engaging in sexual *quid pro quo* harassment, in any aspect of the rental or sale of a dwelling;

      ii. Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

      iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

      iv. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of the Defendants' unlawful practices;

c. Awards monetary damages to each person aggrieved by the Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B);

d. Assesses civil penalties against the Defendants to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(C); and

e. Awards such additional relief as the interests of justice may require.

Case 1:21-cv-11300-DLC   Document 1   Filed 08/11/21   Page 8 of 8

Dated: August 11, 2021

Respectfully submitted,

NATHANIEL MENDELL
Acting United States Attorney
District of Massachusetts

MERRICK B. GARLAND
Attorney General

*/s/ Gregory Dorchak*
GREGORY DORCHAK, BBO #692246
MICHELLE L. LEUNG, BBO #568624
Assistant United States Attorneys
United States Attorney's Office
Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Phone: (617) 748-3157
Email: gregory.dorchak@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED, Chief
Housing and Civil Enforcement Division
Civil Rights Division

R. TAMAR HAGLER
Deputy Chief
Housing and Civil Enforcement Section
Civil Rights Division

Attorneys for Plaintiff
United States of America