# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 21-11300-DLC |
| PETER MCCARTHY and | ) | |
| STEPS TO SOLUTIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRETRIAL MEMORANDUM

The United States and Defendants, Peter McCarthy and Steps to Solutions, Inc.,

respectfully submit this Joint Pretrial Memorandum in accordance with the Court's Order Setting

Case for Trial ("Order"), dated February 7, 2024 (Doc. No. 43) and Local Rule 16.5(d).

**A.      NAMES, ADDRESSES, AND TELEPHONE NUMBERS OF TRIAL COUNSEL.**

### United States of America

Gregory Dorchak
Michelle Leung
Eve Piemonte
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

### Peter McCarthy and Steps to Solutions, Inc.

Brian A. Kelley
The Law Offices of Brian A. Kelley
132 Lincoln Street
Boston, MA. 02111

**B.      WHETHER THE CASE IS TO BE TRIED WITH OR WITHOUT A JURY.**

The case will be tried with a jury for purposes of liability. If the jury determines that Defendants are liable, the Court will determine the appropriate relief pursuant to 42 U.S.C. § 3614(d).[1]

The defendant objects to this request and asks that should any liability be found that the jury determine damages.

**C.      CONCISE SUMMARY OF THE EVIDENCE.**

**The United States**

Defendants Peter McCarthy and Steps to Solutions, Inc. ("Steps to Solutions") engaged in a pattern or practice of sex discrimination in violation of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601, *et seq*. (the "Fair Housing Act").

Defendant McCarthy, in his position as the sole officer and sober home operator of Steps to Solutions, sexually harassed female Steps to Solutions tenants over at least a nine-year period

---

[1] 42 U.S.C. § 3614(d) states in relevant part:

(1) In a civil action under subsection (a) or (b), the court--

(A) may award such preventive relief, including a permanent or temporary injunction, restraining order, or other order against the person responsible for a violation of this subchapter as is necessary to assure the full enjoyment of the rights granted by this subchapter;

(B) may award such other relief as the court deems appropriate, including monetary damages to persons aggrieved; and

(C) may, to vindicate the public interest, assess a civil penalty against the respondent--

(i) in an amount not exceeding $50,000, for a first violation; and

(ii) in an amount not exceeding $100,000, for any subsequent violation.

of time, from approximately 2010 to 2019.[2] This harassment involved multiple women and

occurred in multiple sober homes.  Defendant McCarthy offered to grant tangible benefits to

these women—such as reducing rent amounts, waiving security deposits, or granting housing

privileges—in exchange for sex acts.  He frequently made unwelcome sexual comments and

advances to female tenants, including propositioning them for sex acts and making comments to

them about their bodies.  Defendant McCarthy also asked at least one female tenant to send him

a nude photograph of herself in exchange for rent, which she did.  Defendant McCarthy engaged

in these repeated acts of sexual harassment throughout this time period. His harassment was not

an isolated event or an accidental, unintentional occurrence, but rather a pattern or practice of

both *quid pro quo* and sexual harassment creating a hostile housing environment in violation of

the Fair Housing Act.  42 U.S.C. §§ 3604(a)-(c) and 3617.

Defendant McCarthy chose vulnerable victims, making it less likely that they would

refuse his advances, or report him. If a woman refused his sexual advances, Defendant McCarthy

retaliated against her.  Many of these women had no social support system, and nowhere else to

live, so they succumbed to Defendant McCarthy's sexual advances out of fear of being

discharged from the home. On at least one occasion, when Carrie Ann MacDougall reported

Defendant McCarthy's actions, he orchestrated her discharge from her new sober home.

Defendant McCarthy's conduct caused the aggrieved parties to suffer physical harm, fear,

anxiety, and emotional distress, and inhibited their ability to remain in or secure other housing.

---

[2] In its complaint, the United States alleged that, "From at least 2012 until at least 2019,
Defendant McCarthy subjected many female tenants of the sober homes to discrimination based
on sex, including unwelcome severe, pervasive, and *quid pro quo* sexual harassment on multiple
occasions." Evidence obtained during discovery that the United States plans to introduce during
the trial will show that Defendant's pattern or practice began in at least 2011.

**Defendants Peter McCarthy and Steps to Solutions**

The defendant, Mr. McCarthy on behalf of Steps to Solutions deny the allegations contained in the complaint, and he denies that any such sexual harassment occurred to tenants of any of the homes that were operated by Steps to Solution while such tenants were living at those homes.

**D.   A STATEMENT OF FACTS ESTABLISHED BY THE PLEADINGS, BY ADMISSIONS, OR BY STIPULATIONS.**

1. Peter McCarthy was convicted of indecent assault and battery in 1992, and as a result was on the Massachusetts sex offender registry from 2004 through December 2015. (Compl. ¶¶ 5-6; Answer ¶¶ 5-6).

2. In 2012, Peter McCarthy formed Steps to Solutions.  He is its registered agent and sole officer.  (Compl. ¶ 7; Answer ¶ 7).  Peter McCarthy is the supervising manager of the sober homes, and managed the Steps to Solutions sober homes. *Id*., ¶¶ 13-14.

3. Steps to Solutions and Peter McCarthy operate, or once operated, multiple residential properties in Massachusetts as "sober homes" for persons recovering from addiction. (Compl. ¶ 8; Answer ¶ 8).  Defendants do not own, and have not owned, any of the residential properties they operate as sober homes. *Id*., ¶ 11.

4. Steps to Solutions and Peter McCarthy's sober homes have a total of approximately 85 beds in Massachusetts communities, including Lynn and Boston.  Defendants currently operate sober home properties at: 121 N. Common Street, Lynn, MA; 11 La Grange Terrace, Lynn, MA; 14 La Grange Terrace, Lynn, MA; 27 Lithgow Street, Boston, MA; 9 Kearsarge Avenue, Roxbury, MA;

a facility on Chatham Street, Lynn, MA; and a facility on Lawton Avenue, Lynn, MA.  (Compl. ¶¶ 9-10; Answer ¶¶ 9-10).

5.   Steps to Solutions previously operated at least seven additional properties as sober homes located at: 513 Washington Street, Dorchester, MA; 119 Clinton Street, Brockton, MA; 8 Boyd Street, Dorchester, MA; 28 Seaver Street, Apt. 13, Dorchester, MA; 103 Covel Street, Fall River, MA; 37 Bakersfield Street, Apt. 3, Boston, MA; and 102 Franklin Street, Lynn, MA.  (Compl. ¶ 11; Answer ¶ 11).

6.   Jill Lovely was a tenant at one of the Steps to Solutions properties. (Def. Ans. to Admission 6).

7.   Carrie Ann MacDougall was a tenant at one of the Steps to Solutions properties. (Def. Ans. to Admission 8).

8.   Sarah Myatt was a tenant at one of the Steps to Solutions properties.  (Def. Ans. to Admission 13).

9.   Parties agree to the following stipulations.

a.  The parties agree to the minimum number of beds available in some of the rental properties for which Peter McCarthy has operated as sober homes during the period of conduct alleged in the Complaint:

- At 121 North Common Street in Lynn, Massachusetts, there are at least 13 beds.

- At 11 La Grange Terrace in Lynn, Massachusetts, there are at least 12 beds.

- At 14 La Grange Terrace in Lynn, Massachusetts, there are at least 18 beds.

- At 27 Lithgow Street in Dorchester, Massachusetts, there are at least 18 beds.

- At 9 Kearsarge Avenue in Roxbury, Massachusetts, there are at least 12 beds.

- At 391 Chatham Street in Lynn, Massachusetts, there are at least 3 beds.

- At 111 Lawton Avenue in Lynn, Massachusetts, there are at least 12 beds.

- At 8 Boyd Street in Dorchester, Massachusetts, there are at least 12 beds.

- At 37 Bakersfield Street in Dorchester, Massachusetts, there are at least 16 beds.

- At 28 Seaver Street in Dorchester, Massachusetts, there are at least 20 beds.

    b.  The following is a true and accurate list of non-rental businesses also operated

by Peter McCarthy: Tyler's Corner Thrift Store, and Nearly New Thrift Store.

    c.  Kelli Yeo resided at several Steps to Solutions homes, including at the

Bakersfield Street location and Lithgow Street location in Dorchester, Massachusetts,

from approximately 2011 through 2015 or 2016.

**E.      FACTUAL ISSUES IN DISPUTE.**

All other facts remain in dispute.

**F.      ANY JURISDICTIONAL QUESTIONS.**

There are no jurisdictional questions for the Court's resolution at this time.

**G.      ANY QUESTIONS RAISED BY PENDING MOTIONS.**

Other than the parties' motions *in limine*, there are no other pending motions before the

Court.

**H.      ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS, WITH
          SUPPORTING AUTHORITY.**

1. **Motions in Limine.**

The United States has filed three motions *in limine*: (1) Motion to Exclude Undisclosed

Defense Witness Testimony (Doc. No. 48); (2) Motion to Use as Trial Testimony Video

Deposition Testimony of Witnesses who are Unavailable at Trial (Doc. No. 49); and (3) Motion

to Admit Out of Court Statements from Unavailable Witnesses (Doc. No. 50).

Defendants have filed two motions *in limine*: (1) Motion to Exclude Convictions of the Defendant (Doc. 52) and (2) Amended Motion to Exclude Expert Testimony (Doc. 53). The United States intends to object to these.

Defendants intend to oppose the  United States' Motion to Admit Out of Court Statements from Unavailable Witnesses (Doc. No. 50).

### 2.  **Aggrieved Parties.**

The jury will determine whether each individual identified by the United States as an aggrieved person is a person who was harmed by the Defendants' unlawful conduct. To show that a particular person is an aggrieved person, the United States must prove that the Defendant engaged in sexual harassment of the person or that he retaliated against the person.

### 3.  **Damages and Equitable Relief.**

If the jury determines that Defendants are liable, the Court will determine the appropriate relief pursuant to 42 U.S.C. § 3614(d). The Court may award such relief as it deems appropriate, including actual or compensatory damages, including damages for humiliation and mental distress, as well as punitive damages. *See* 42 U.S.C. § 3614(d)(1)(B). *See also United States v. City of Hayward*, 36 F.3d 832, 839 (9th Cir. 1994) ("[I]f a party proves actual damages, a district court's award of compensatory damages is mandatory, not discretionary"); *United States v. Balistrieri*, 981 F.2d 916 (7th Cir.1992). Civil penalties are authorized by the Fair Housing Act. *See* 42 U.S.C. § 3614(d)(1)(C). Preventative relief, including permanent or temporary injunctions or other orders are available under the Fair Housing Act. § 3614(d)(1)(A).

## I.   REQUESTED AMENDMENTS TO THE PLEADINGS.

There are no requested amendments to the pleadings.

**J.    NAMES OF ALL WITNESSES TO BE CALLED, THE PURPOSE OF THE TESTIMONY OF EACH WITNESS, AND WHETHER THE TESTIMONY OF ANY SUCH WITNESS IS TO BE PRESENTED BY DEPOSITION.**

1.    **Witnesses the United States intends to call at trial.**

| Witness | Purpose | Live or Deposition |
|---|---|---|
| Carol Anderson | Fact | Live |
| Justin Downey | Fact | Live |
| Michael Fromer | Fact | Live (The United States has also designated portions of deposition testimony) |
| Karestan Koenen, Ph.D. | Expert | Live |
| Jaime Lorino | Fact | Live (The United States has also designated portions of deposition testimony) |
| Jill Lovely | Fact | Live (The United States has also designated portions of deposition testimony) |
| Carrie Ann MacDougall | Fact | Live (The United States has also designated portions of deposition testimony) |
| Lily Mallard | Fact | Live |
| Mindy Mangini | Fact | Live |
| Amanda Manning | Fact | Live (The United States has also designated portions of deposition testimony) |
| Deborah Manning | Fact | Live |
| Adrienne Martin | Fact | Live (The United States has also designated portions of deposition testimony) |
| Sue McGonnigal | Fact | Live |
| Sarah Myatt | Fact | Live |

| Witness | Purpose | Live or Deposition |
|---------|---------|--------------------|
| Hanni Stoklosa, M.D., M.P.H. | Expert | Live |
| Kelli Yeo | Fact | Live |

2. **Witnesses Defendants intend to call at trial.**

Pamela Maubourquette
11 Lagrange Terrace
Lynn, MA.
617-487-1829

Sandra Rice
11 Lagrange Terrace
Lynn, MA.

Tammy Cardinal
Lynn, MA.

Kim Abiso
Lynn, MA
781-299-6344

James Richardson
391 Chatham street
Lynn, Ma.

Chris Fornsby
111 Lawton Ave
Lynn, MA
781-299-6398
.
 Jeffery Little
121 North Commons
Lynn, MA.

Suzie Arruda
New York, NY

Marc Buchanan
Lynn, MA

Alan Ambrose
Jamaica Plain, MA

Peter McCarthy
Lynn, Ma

      The defendant would reserve the right to counter designate portions of the deposition

transcripts should the witnesses be deemed unavailable by the court.

**K.**    **LIST OF UNCONTESTED EXHIBITS.**

1. Facebook messages between Peter McCarthy and Carrie Ann MacDougal.mp4. (Produced by United States on Feb. 24, 2022, USA000743).

2. Jill Lovely Application for Admission to Steps to Solutions (Produced by Defendants on Oct. 21, 2022, US-S2S-0063609-63610).

3. Lily Mallard File (Produced by Defendants on Oct. 21, 2022, US-S2S-0065885-91)

4. Fee sheet (men's house) (Produced by Defendants on Sept. 7, 2022, US-S2S-0000008).

5. Financial agreement (Produced by Defendants on Nov. 4, 2022, US-S2S-0069454).

6. Steps to Solutions Discharge Notice (Produced by Defendants on Sept. 7, 2022, US-S2S-0062910).

7. Certificate of Occupancy for 111 Lawton (2020) (Produced by Defendants on Sept. 7, 2022, US-S2S-0000499).

8. Secretary of the Commonwealth of Massachusetts Business Entity Filings (Produced by United States on Feb. 24, 2022, USA000001-2; Produced by Pamela Katsiris, Feb. 9, 2024, US-S2S-0070505, 70507).

9. Steps to Solutions Corporate documents for 2013, 2015 (Produced by Defendants on Nov. 4, 2022, US-S2S-0066767, US-S2S-0066770).

10. Peter McCarthy and Steps to Solutions Tax Returns, 2016-2021 (Produced by Pamela Katsiris on Nov. 21, 2023, US-S2S-0070306-70504).

11. Citizens Bank Statements (2017) (Produced by Defendants on Nov. 4, 2022, US-S2S-0066595-66639)

12. Renter payments 2014-2017 (Produced by Defendants on Nov. 4, 2022, US-S2S-0068621).

13. 2017 Profit and Loss Statement (Produced by Defendants on Nov. 4, 2022, US-S2S-0070106).

14. Rental Lease for 27 Lithgow Street (Produced by Defendants on Sept. 7, 2022, US-S2S-0000489)

15. Rental Lease for 119 Clinton Street (Produced by Defendants on Sept. 7, 2022, US-S2S-0000491)

16. Rental Lease for 8 Boyd Street (Produced by Defendants on Sept. 7, 2022, US-S2S-0000492-494)

17. Rental Lease for 2985 Washington Street (Produced by Defendants on Sept. 7, 2022, US-S2S-0000495)

18. Rental Lease for 28 Seaver Street (Produced by Defendants on Sept. 7, 2022, US-S2S-0000491).

**L.     PARTIES' RESPECTIVE POSITIONS ON ANY REMAINING OBJECTIONS TO THE EVIDENCE IDENTIFIED IN THE PRETRIAL DISCLOSURES.**

The following exhibits are contested:

1. Curriculum Vitae, Karestan C. Koenen, Ph.D.

2. Curriculum Vitae, Hanni M. Stoklosa.

3. Certified copy of Peter McCarthy's records from the Sex Offender Registry Board.

4. Certified copy of Peter McCarthy's criminal convictions.

Objections to Witnesses.  The United States continues to object to Defendants' witnesses who had previously not been disclosed. *See* Doc. No. 48.

**M.     ANY ADDITIONAL MATTERS TO AID IN DISPOSITION OF THE ACTION.**

Larger courtroom. Given the number of people who we expect to be attending the trial, the number of counsel at counsel table, and the potential need to have witnesses/parties

separated, we were wondering whether it would be possible to move the trial to a larger courtroom.

Emotional support animal. One of the government's witnesses, Michael Fromer, has requested that he be accompanied by his emotional support animal during his testimony.

Sequestration. The United States filed a request for sequestration of witnesses. Doc. No. 47.

N.    PROBABLE LENGTH OF TRIAL.

The United States estimates that its case-in-chief will take five full trial days. Defendants estimate that their case-in-chief will take two full trial days.


Respectfully submitted,

**For Plaintiff**
**UNITED STATES OF AMERICA**

JOSHUA S. LEVY
Acting United States Attorney
District of Massachusetts

*/s/ Eve A. Piemonte*
GREGORY J. DORCHAK, BBO #692246
MICHELLE LEUNG, BBO #568624
EVE A. PIEMONTE, BBO #628883
Assistant U.S. Attorneys
United States Attorney's Office
Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Phone: (617) 748-3100
Fax: (617)748-3971
Email: Gregory.Dorchak@usdoj.gov

Dated:  May 1, 2024

**For Defendants**
**PETER McCARTHY and STEPS**
**TO SOLUTIONS, INC.**

*/s/ Brian A. Kelley*[3]
Brian A. Kelley
The Law Offices of Brian A. Kelley
132 Lincoln Street, Suite 5L
Boston, MA. 02111
617-322-9939
brian@bakelleylaw.com

---

[3] Signed and filed with consent provided by email on May 1, 2024.

## <u>CERTIFICATE OF SERVICE</u>

I, Eve A. Piemonte, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant United States Attorney

Dated: May 1, 2024