**EXHIBIT D**

Opinion and Order
*United States v. L.T. Jackson*
No. 3:99-cv-556BN
(S.D. Miss. June 11, 2022)



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| GAIL GRAHAM | PLAINTIFF-INTERVENOR |
| VS. | CIVIL ACTION NO. 3:99-cv-556BN |
| L.T. JACKSON, L.T. JACKSON TRUST, and BETTY HART | DEFENDANTS |

OPINION AND ORDER

This cause is before the Court on the Motion of the United States of America for Civil Penalties and Injunctive Relief. The Court has considered the motion, response, rebuttal, attachments to each, and supporting and opposing authority and finds that the motion should be granted in part and denied in part.

I. Factual Background and Procedural History

On August 9, 1999, the United States of America ("Government") filed a lawsuit in this Court alleging that Defendants L.T. Jackson and L.T. Jackson Trust had violated the Fair Housing Act ("FHA"), codified at 42 U.S.C. § 3601, et seq. by discriminating against individuals on the basis of sex with regard to rental housing. The Government ultimately tried the case on behalf of twenty-one women, all of whom were allegedly victims of the complained of housing

discrimination. Gail Graham intervened as a Plaintiff in the lawsuit.

The case was tried to a jury beginning on March 19, 2002, through March 28, 2002. By a Verdict by Special Interrogatories, the jury found in favor of the Government and Graham on the claims of hostile environment, quid pro quo harassment, and "interference, coercion, or intimidation" under 42 U.S.C. § 3617, and in favor of the Government on the claim of disparate treatment. The jury awarded each plaintiff compensatory damages ranging from $1.00 to $5,000.00 for a total of $41,708. Each plaintiff was also awarded punitive damages ranging from $750.00 to $22,500.00 for a total of $409,500.00. The total amount of damages awarded was $451,208.00.

The Government now moves for civil penalties and injunctive relief against L.T. Jackson and L.T. Jackson Trust pursuant to 42 U.S.C. § 3614(d).

II. Analysis

The Government has moved for civil penalties totaling $110,000.00, being the maximum civil penalty of $55,000.00 against

2

(1987). The difference is that punitive damages are awarded to injured plaintiffs while civil penalties are awarded to the Government. The Court, "[w]hen determining the amount of a penalty against a defendant ... should consider the nature and circumstances of the violation, the degree of culpability, any history of prior violations, the financial circumstances of that defendant and the goal of deterrence, and other matters as justice may require." Smith & Lee Assoc. v. City of Taylor, Mich., 102 F.3d 781, 798 (6th Cir. 1996) (quoting House Comm. on the Judiciary, Fair Housing Amendments Act of 1988, H.R. Rep. No. 711 (1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2179). The Court may also "take the jury's award of punitive damages into account in making its discretionary decision whether to award civil penalties." United States v. Balistrieri, 981 F.2d 916, 936 (7th Cir. 1992).

From the evidence presented at trial which included, inter alia, that Defendant L.T. Jackson had repeatedly committed acts of sexual harassment against female tenants beginning in 1994 and that some of his victims were teenaged girls, the jury found that Defendants had discriminated on the basis of gender and had sexually harassed female tenants. The jury, to punish this conduct, awarded Plaintiffs punitive damages totaling $409,500.00.

4

potential tenants during the application process), inspections (except as otherwise provided), the collection of rent, evictions, rentals (except rental increases), repairs, maintenance, and violations of tenant lease obligations.

(3) The independent management firm shall not be owned by, employ, or utilize any individual or company which is related to L.T. Jackson by blood or by marriage.

(4) The independent management firm shall be the entity that maintains any and all contact with tenants, and prospective tenants, including but not limited to showing apartments, executing leases, applications and other housing documents, collecting rent, taking repair requests, or making repairs.

(5) Defendant L.T. Jackson is not prohibited from visiting any rental property he owns for a purpose other than engaging in management activities, however, L.T. Jackson shall not initiate contact with any female tenants during such visits. Upon notice from the independent management firm that a rental unit is unoccupied, vacant and not under lease, L.T. Jackson shall be allowed to visit these rental units for the purpose of inspection. Under these circumstances, L.T. Jackson shall not initiate any form of verbal or other contact with female tenants of other rental units.

7

(6) Defendants will not take any retaliatory action against any Plaintiff, aggrieved party, or witness in this case. Nothing in this Order shall prohibit the independent management firm from seeking redress through the courts to evict or collect monies owed by such tenants who occupy residential rental properties owned by Defendants.

(7) Defendant L.T. Jackson shall not sexually harass any female tenant of any rental unit owned by him or the L.T. Jackson Trust.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of the United States of America for Civil Penalties and Injunctive Relief [125-1] is hereby granted in part and denied in part.

A Final Judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure shall be entered this day.

SO ORDERED this the 14th day of June, 2002.

*William Barber*
UNITED STATES DISTRICT JUDGE

8