UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETER MCCARTHY and<br>STEPS TO SOLUTIONS, INC.,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 21-11300-DLC<br>)<br>)<br>)<br>)<br>)<br>) |

### THE UNITED STATES' MOTION FOR RECONSIDERATION OF ORDER ON DEFENDANT MCCARTHY'S MOTION FOR REMITTITUR

The United States respectfully submits this Motion for Reconsideration of the Court's December 26, 2024 Order, which granted Defendant McCarthy the option of either accepting remittitur or seeking a new trial on damages. Doc. No. 45 at 22. The Court erred in granting Defendant McCarthy this option; the option to accept the remittitur (or not) lies with the United States, not the Defendant.

### BACKGROUND

Following a five-day jury trial, on May 17, 2024, the jury returned its verdict against Defendants McCarthy and Steps to Solutions. The jury found that Defendants engaged in a pattern or practice of sexual harassment and that Defendants denied a group of persons—women—rights granted or protected by the Fair Housing Act. The jury found that Defendant McCarthy's conduct harmed all seven aggrieved parties and awarded them $1,030,000 in compensatory damages and $2,775,000 in punitive damages for a total verdict of $3,805,000. Doc. No. 91. On May 24, 2024, Defendant McCarthy filed a motion for remittitur to adjust the award of damages to $450,000. Doc. No. 95. On June 7, 2024, the United States opposed the

motion for remittitur because the jury reasonably calculated compensatory damages based on the evidence at trial, and because the jury reasonably awarded punitive damages based on the reprehensibility of Defendant McCarthy's conduct. Doc. No. 99. On December 26, 2024, the Court granted in part and denied in part Defendant McCarthy's motion for remittitur; and offered Defendant McCarthy the choice of either accepting the remitted damages award from $3,805,000 to $1,420,000, or a new trial on the issue of damages. Doc. No. 145 at 22.

## STANDARD FOR RECONSIDERATION

"[A] district court has the inherent power to reconsider its interlocutory orders." *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 61 n.2 (1st Cir. 2008) (citing *Warren v. Amer. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007)). Therefore, this court "is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)," which govern a district court's reconsideration of its final judgments. *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018), *as revised* (Apr. 13, 2018). Nonetheless, some courts in the First Circuit have relied on the standards for Rule 59(e) or Rule 60(b) motions to amend a judgment in deciding motions for reconsideration of interlocutory orders. *See, e.g.*, *In re Telexfree Sec. Litig.*, 652 F. Supp. 3d 233, 235 (D. Mass. 2023); *Golub v. Ne. Univ.*, No. 19-CV-10478-ADB, 2020 WL 3086050, at *4 (D. Mass. June 10, 2020), *aff'd,* No. 20-1674, 2021 WL 6425374 (1st Cir. July 20, 2021). Under those rules, a party may move for reconsideration of a court order on the grounds of mistake. Fed. R. Civ. P. 60(b)(1). "As a general matter, a motion for reconsideration may only be granted if the original judgment evidenced a manifest error of law, or if there is newly discovered evidence, or in certain other narrow situations." *Kenn v. Eascare, LLC*, No. 1:20-cv-10070, 2021 WL 12227952, at *1 (D. Mass. Apr. 12, 2021) (granting motion for consideration where plaintiff

identified an error of law) (quoting *Global Naps, Inc. v. Verizon New England, Inc.* 483 F.3d 13 (1st Cir. 2007)).

## ARGUMENT

The United States respectfully contends that the Court erred in giving Defendant McCarthy the option of accepting the remitted damages amount or a new trial on damages. Instead, the Court should have provided this option to the United States—the Plaintiff in this case. "[A] conventional remittitur . . . requires giving the *plaintiff* a choice between accepting a reduced damages award and a new trial." *Bisbal-Ramos v. City of Mayaguez*, 467 F.3d 16, 26 (1st Cir. 2006) (emphasis added). *See also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2815 at p. 169 (2d ed.1995) ("A remittitur gives the *plaintiff* a choice. The *plaintiff* can refuse to accept the reduced amount of damages and instead proceed to a new trial.") (emphases added). Indeed, as noted in the Court's order, "proceeding otherwise," and allowing the "[c]ourt to enter judgment for a lesser amount than that determined by the jury without allowing petitioner [Plaintiff] the option of a new trial, cannot be squared with the Seventh Amendment." *Hetzel v. Prince William Cnty.*, 523 U.S. 208, 211 (1998). *See also Marchant v. Dayton Tire & Rubber Co.*, 836 F.2d 695, 705 (1st Cir. 1988) ("Plaintiff has the privilege under the Seventh Amendment of choosing to take his chances on a new trial in the hope that a second jury might return a verdict for a higher amount."); *Liberty Mut. Ins. Co. v. Cont'l Cas. Co.*, 771 F.2d 579, 588-89 (1st Cir. 1985) (concluding remittitur appropriate and that there be a retrial only if Liberty chose not to remit part of its award because "[t]he Seventh Amendment accords the plaintiff the privilege of making such a choice….").

## CONCLUSION

For the reasons stated above, the court should amend its order to correctly state that the Court is providing the United States with the option of a new trial on damages or acceptance of the remittitur. The United States respectfully requests that it be given one week from the date of the Court's amended order (should it agree with the government) to determine whether to accept the remittitur or not.

                                  Respectfully submitted,

                                  JOSHUA S. LEVY
                                  Acting United States Attorney
                                  District of Massachusetts

                                  */s/ Michelle Leung*
                                  GREGORY J. DORCHAK
                                  MICHELLE LEUNG
                                  EVE A. PIEMONTE
                                  Assistant U.S. Attorneys
                                  United States Attorney's Office
                                  Moakley U.S. Courthouse
                                  One Courthouse Way, Suite 9200
                                  Boston, Massachusetts 02210
                                  (617) 748-3100
                                  Michelle.Leung@usdoj.gov

Dated:  January 3, 2025